*Filed in open Court this 16th day of May, 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-133-JJF |
| | ) | |
| MANUEL ORTIZ-CAMACHO | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Manuel Ortiz-Camacho, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowingly possessing a counterfeit alien registration receipt card, in violation of 18 U.S.C. § 1546(a). The maximum penalties for Count One are ten years imprisonment, a $250,000 fine, three years of supervised release, and a $100.00 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant



FILED
MAY 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

knowingly possessed an alien registration receipt card, (2) knowing that such alien registration receipt card was forged, counterfeit, altered, or falsely made.

3.  In connection with this plea agreement, the defendant acknowledges that: (1) on or about November 16, 2006, the defendant was in possession of a counterfeit alien registration receipt card; and (2) he knew that the card was not a valid card and that it had not been issued by the United States Government.

4.  Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(b).

5.  The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence of time-served, which is consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Christopher Koyste, Esquire
Attorney for Defendant

_____
Robert F. Kravetz
Assistant United States Attorney

_____
Manuel Ortiz-Camacho
Defendant

Dated: May 16, 2007

_____
Hon. Joseph J. Farnan, Jr.
United States District Judge

4